In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00184-CR


______________________________




ALBERT RANDON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 23rd Judicial District Court


Brazoria County, Texas


Trial Court No. 21,110




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Albert Randon appeals the trial court's decision to revoke his community supervision and
sentence of ten years' imprisonment. On appeal, Randon contends the evidence is factually
insufficient to show he failed to pay his community supervision fee during the months of May and
June 1998.

A. Factual And Procedural Background

 On December 19, 1990, Randon pled guilty to possession of a controlled substance (cocaine)
in an amount less than twenty-eight grams. The trial court placed Randon on community supervision
for a period of ten years. On August 20, 1998, the State filed an application to revoke Randon's
community supervision alleging that he failed to commit no new offense against the laws of Texas
and that he failed to pay his community supervision fee in May and June of 1998 as previously
directed by the trial court. Randon pled "not true" to the allegations. 

 The State's motion to revoke community supervision was considered simultaneously with
both a motion to revoke Randon's community supervision in another felony drug case and a jury trial
on the separate charge of aggravated sexual assault. During trial, Brooke Gabriles, Randon's
community supervision officer, testified Randon did not pay his community supervision fee by the
19th day of May and June, 1998. Randon made a payment on June 29, 1998, to cover both the May
and June obligations-but the payment was one month and ten days late for the May payment and ten
days late for the June payment. Randon did not contest this testimony.

 At the conclusion of the hearing, the trial court found true the allegations that Randon had
committed a new criminal offense and that he had failed to timely pay his community supervision
fees for the months of May and June of 1998. The trial court revoked Randon's community
supervision and sentenced him to ten years' imprisonment. 

B. Standard of Review

 A trial court's decision to revoke a defendant's community supervision is reviewed for abuse
of discretion. Wade v. State, 83 S.W.3d 835, 839 (Tex. App.-Texarkana 2002, no pet.). A trial court
cannot revoke community supervision without a showing the defendant violated a condition of his
or her supervision. Id. When there is evidence the defendant violated a single term of his or her
community supervision, the trial court does not abuse its discretion by revoking community
supervision. Id. The test for abuse of discretion is not whether, in the opinion of the reviewing
court, the facts present an appropriate case for the trial court's action; rather, it is a question of
whether the court acted without reference to any guiding rules or principles, and the mere fact that
a trial court may decide a matter within its discretionary authority differently than an appellate court
does not demonstrate such an abuse. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1990) (Teague, J., dissenting).

C. Analysis

 In his sole point of error, Randon contends the trial court erred by finding Randon failed to
pay his community supervision fees by the 19th day of May and June, 1998, when the evidence
showed he paid both fees by June 29, 1998.

 Assuming, arguendo, we agreed with Randon that the evidence is insufficient to show he
failed to pay his community supervision fees, there still remains the trial court's finding that Randon
committed a new criminal offense. That latter finding (commission of a new criminal offense) is
not challenged by Randon in this appeal. Proof of a single violation is sufficient to support a trial
court's decision to revoke community supervision. Wade, 83 S.W.3d at 840. Accordingly, we
cannot say the trial court abused its discretion by revoking Randon's community supervision. See
id. at 839. We overrule Randon's sole point of error and affirm the trial court's judgment.



 Jack Carter

 Justice


Date Submitted: February 21, 2003

Date Decided: March 10, 2003


Do Not Publish



n 481.132(d));
ergo, once it has opted to do so, it may not cherry-pick the portions of that statute which benefit it
and ignore other portions. Second, he argues that the language of Section 481.134(h) denies the trial
court the ability to stack punishment for a "conviction under any other criminal statute" and that this
is not a conviction under any other statute. In other words, he argues the prohibition against
concurrent sentencing applies to punishment imposed under "other" (nondrug-free zone) statutes. 

 There is no question that the punishment for all three convictions was increased and assessed
under the aegis of the drug-free-zone statute.

Does "Other" Really Mean "Other"?

 We find that Merritt's second argument referencing Section 481.134(h) is dispositive, and
we, therefore, address that contention first. The initial question is whether we either can or should
ignore the Legislature's use of the word "other." We observe that if the Legislature had intended to
require stacking under "any criminal statute" it could have said so. It is plain that it elected to say
that stacking was required for a "conviction under any other criminal statute."

 As pointed out by the State, the Corpus Christi Court of Appeals has held, in response to an
issue matching one of the contentions raised here, that the general language of Section 3.03 requiring
imposition of concurrent sentences with cases prosecuted together was set aside by the language of
Section 481.134(h) of the Texas Health and Safety Code, disallowing the granting of concurrent
sentences in drug-free-zone convictions. Williams v. State, Nos. 13-05-00194-CR, 13-05-00195-CR,
13-05-00196-CR, 2006 Tex. App. LEXIS 7870 (Tex. App.--Corpus Christi Aug. 31, 2006, pets.
granted [3 pets.]) (mem. op., not designated for publication).

 The State argues, in part, that because of the exceptionally egregious nature of drug-offense
violations in drug-free zones, stacking for other drug-free-zone offenses is necessarily included
within the intent of the Legislature. However, you can equally strongly argue that the Legislature
already handled that particular scenario otherwise: it increased the level of punishment for these
offenses by raising the felony level by one degree. To accept the State's suggestion doubly increases
the actual punishment assessed; first, it raises the grade of the crime, and second, it requires the
stacking of one punishment atop the other. This is not authorized by the clear language of the
statute. Indeed, its clear language is to the contrary. "Other" and "same" are not synonymous terms. 
"Other statute" means "other statute." It cannot, therefore, mean "same statute."

 The State also argues that since this is a specific punishment provision, it should trump a
general provision. Thus, it argues, the general prohibition against the stacking of consolidated
offenses as contained in Section 481.132(d) of the Texas Health and Safety Code should give way
to the more specific bar of concurrent sentencing for a particular type of offense provision as found
in Section 481.132(h) of the Texas Health and Safety Code. (3) Generally, when two statutes concern
the same subject matter, the more specific statute controls over the more general statute. In re
Dotson, 76 S.W.3d 393, 395 (Tex. Crim. App. 2002); Dallas County v. Coutee, 233 S.W.3d 542,
545 (Tex. App.--Dallas 2007, pet. filed); see also Tex. Gov't Code Ann. § 311.026(b) (Vernon
2005) (where conflict between general provision and special or local provision is irreconcilable,
special or local provision prevails as exception to general provision, absent "manifest intent" to the
contrary). The application of this rule of interpretation of statutes arises only when there is actually
a conflict between the statutes. Since there is no such conflict within the statute when applied to the
situation in this case, that rule does not apply. 

 In order to find that such a conflict existed, and then to reach the State's desired analysis, we
would have to completely disregard the word "other" as contained in Section 481.132(h) of the Texas
Health and Safety Code and then determine that the two provisions are irreconcilable before applying
the general versus specific analysis. (4) Because every word of a statute must be presumed to have been
used for a purpose, Eddins-Walcher Butane Co. v. Calvert, 156 Tex. 587, 298 S.W.2d 93, 96 (1957),
we need not do so.

 We will assume that the Legislature used precisely the words that it intended to use and apply
them as written. Looking at all of the words in the statutes, we find that there is no conflict between
the different portions of the statutes, because they apply to different factual scenarios.

 The trial court erred by ordering the conviction in this case to run consecutively with the
other punishments assessed under this section. Further, as this is a misapplication of statutory law,
the court necessarily abused its discretion by applying the statute incorrectly.

 We affirm the judgment regarding the conviction, but we reform the judgment to state that
the punishment under this conviction will run concurrently with the punishment and forty-year state
sentence in cause number 06-07-00196-CR (trial court number 20864), and as reformed, affirmed. 




 Bailey C. Moseley

 Justice


Date Submitted: April 3, 2008

Date Decided: April 22, 2008


Publish
1. In trial court cause number 22131, our number 06-07-00198-CR, Merritt was convicted of
possession of a controlled substance (methamphetamine) less than one gram in a drug-free zone, and
sentenced to two years, to run concurrently with his sentence in a federal case. In trial court number
20864, our number 06-07-00196-CR, Merritt was convicted of possession with intent to deliver a
controlled substance (methamphetamine) between four and 200 grams in a drug-free zone. He was
sentenced to forty years' imprisonment, to begin upon completion of his federal sentence.
2. In other words, in this case, Merritt was sentenced to seven years' imprisonment, to
commence upon completion of his forty-year state sentence in cause number 06-07-00196-CR (trial
court number 20864).
3. § 311.011. Common and Technical Usage of Words


 (a) Words and phrases shall be read in context and construed according to the
rules of grammar and common usage.


Tex. Gov't Code Ann. § 311.011 (Vernon 2005).
4. When we interpret a statute, we seek to effectuate the collective intent or purpose of the
legislators who enacted the legislation. We must interpret an unambiguous statute literally, unless
doing so would lead to an absurd result that the Legislature could not possibly have intended. If a
literal reading of the statute leads to an absurd result, we resort to extratextual factors to arrive at a
sensible interpretation to effectuate the intent of the Legislature. "Where the statute is clear and
unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the
courts to add or subtract from such a statute." Seals v. State, 187 S.W.3d 417, 420 (Tex. Crim. App.
2005).